**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Thomas Edward Martin, *Plaintiff*, v. John Robert Greenwood, *et al.*, *Defendants.* | No. 24 CV 1421 Judge Lindsay C. Jenkins |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Thomas Edward Martin brings this action against Defendants John Robert Greenwood, Mary Jo Stvan, and Definiti, LLC, alleging violations of 42 U.S.C. § 1983, the Due Process Clause of the Fourteenth Amendment, an "ERISA interpleader" claim, and a state law breach of fiduciary duty claim. [Dkt. 18 at 17–20.][1] Defendants Stvan and Greenwood each bring motions to dismiss under both Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. [Dkt. 27, 28.] For the reasons explained below, both motions are granted.

## I. Legal Standard

At the motion to dismiss stage, the Court takes well-pleaded factual allegations as true and draws reasonable inferences in favor of the plaintiff. *Choice v. Kohn L. Firm, S.C.*, 77 F.4th 636, 638 (7th Cir. 2023); *Reardon v. Danley*, 74 F.4th 825, 826–27 (7th Cir. 2023). "To survive a motion to dismiss under Rule 12(b)(6), plaintiff's complaint must allege facts which, when taken as true, plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Cochran v. Ill. State Toll Highway Auth.*, 828 F.3d 597, 599 (7th Cir. 2016) (cleaned up). A plaintiff's claim must be "plausible, rather than merely speculative," which requires a plaintiff to allege "just enough details about the subject matter of the case to present a story that holds together." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 570–71 (7th Cir. 2023) (cleaned up). *Pro se* filings are construed liberally, but the filings must still adhere to procedural rules. *See Johnson v. Prentice*, 29 F.4th 895, 903 (7th Cir. 2021).

---

[1] Citations to docket filings generally refer to the electronic pagination provided by CM/ECF, which may not be consistent with page numbers in the underlying documents.

1

## II. Background[2]

Thomas Edward Martin owned Antares Iron & Copper, Inc., a company that specialized in custom iron work. Antares used "an informal profit-sharing formula." [Dkt. 18 at 8–9.] In 2007, Martin saw an accountant about creating "a written profit-sharing plan." [*Id.* at 9.] The accountant referred Martin to Mary Jo Stvan and her company, Merit Benefits Plans. [*Id.* at 9.] Stvan charged Martin $4,000 to get him a "special legal opinion" about the 401(k) plan, but Martin alleges Stvan "pocketed the legal fees without purchasing the special legal opinion as promised." [*Id.* at 9–10.] Martin entered into a 401(k) plan for Antares in a document titled Antares Iron & Copper, Inc. 401(k) Plan and Trust (the Plan). [*Id.* at 11, 43.][3]

Antares struggled financially in 2010, so Martin decided to liquidate money from the Plan "to cover [] health insurance premiums"; he alleges that he told Stvan in advance that he would do so. [*Id.* at 12.] Martin attributes the idea to use the money in this way to Antares' secretary and alleges that he received verbal approval from the mechanics at Antares before taking this step. [*Id.*] Martin withdrew $75,000 from the plan as "bridge capital" for two prospective projects, and he claims that the mechanics received $150,000 from the projects. [*Id.*]

In 2016, Martin was indicted by a state grand jury for wire fraud and theft of funds from the Plan. [*Id.* at 14; Dkt. 29 at 3.] Greenwood served as the lead prosecutor in Martin's criminal case, which proceeded to a jury trial in 2019. [Dkt. 18 at 14.]. Martin alleges that Greenwood suborned perjury, told lies to the "judge, the defense, the witnesses, and the jury," and prevented Martin from telling "the jury [his] side of the backstory or inform them of the attached exculpatory" exhibits. [*Id.* at 14–15.] Stvan testified for the state at Martin's trial in her capacity as the owner of Merit Benefits Group, the administrator of Antares' 401(k) plan. Martin alleges that "Stvan perjured herself on the witness stand" during the trial. [*Id.* at 15.] At trial, Stvan testified about how Martin designed the Plan such that all employees were immediately vested in their accounts, and that Plan funds were for the benefit of the participants and not the employer.[4] Martin was convicted of both wire fraud and theft charges, and he received a sentence of 30 months' probation. [*Id.* at 16.] "On grounds of principled civil disobedience," Martin explains he has "refused to comply with the trial court's sentencing order." [*Id.*] Martin's criminal convictions were affirmed by

---

[2] The following factual allegations are taken from Martin's Amended Complaint and are accepted as true for the purposes of the motion. *Smith v. First Hosp. Lab'ys, Inc.*, 77 F.4th 603, 607 (7th Cir. 2023). In setting forth the facts at the pleading stage, the Court does not vouch for their accuracy. *See Goldberg v. United States*, 881 F.3d 529, 531 (7th Cir. 2018).

[3] The Complaint alleges that the plan "could not be a 401(k) plan," but also acknowledges that "the cover of the document said that it was [the] Antares 401(k) plan." [Dkt. 18 at 11; 36, 43.]

[4] *People v. Martin*, 2022 IL App (1st) 191239-U, ¶7, *appeal denied*, 199 N.E.3d 1206 (Ill. 2022). The Court may take judicial notice of public records, including state court records. See *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

2

an Illinois appellate court, and the Illinois Supreme Court denied review. *People v. Martin*, 2022 IL App (1st) 191239-U, *appeal denied*, 199 N.E.3d 1206 (Ill. 2022).

Martin initiated a federal lawsuit against several of the Defendants named in this action in April 2019, but he voluntarily dismissed that case without prejudice four months later, *Martin v. State of Illinois, et al.*, Case No. 19-cv-2349. [Dkt. 30.] Martin brought this lawsuit in February 2024, seeking several forms of relief, including requiring Greenwood "to adhere to prevailing ethical standards," "settle any claims regarding the ownership of certain funds" in the Plan, and repair "intangible and non-fungible damages done to the Plaintiff" that were caused by Defendants' violations of Martin's civil rights. [Dkt. 18 at 4–5.]

## II. Analysis

The amended complaint brings three categories of claims: (1) an "ERISA Interpleader" claim related to the funds in the Plan; (2) § 1983 and Fourteenth Amendment Due Process claims against Greenwood; and (3) § 1983 and state law breach of fiduciary duty claims against Stvan. The Court considers each in turn.

### A. ERISA Interpleader

First, Martin brings a claim titled "ERISA interpleader, 28 U.S.C. §1335 and Rule 22." [Dkt. 18 at 18.]

Statutory and rule interpleader relief are available when multiple parties have claims to the same money, property or benefits. *See* 28 U.S.C. § 1335; Fed. R. Civ. P. 22. In this section of his amended complaint, Martin states that the funds at issue in the state criminal case "were always required to be returned to Antares Iron & Copper" under the Plan, including three named individuals that Martin identifies as claimants to the money.[5] [Dkt. 18 at 18.] Martin frames this count as "effectively a suit to quiet title to the money" and urges the Court to find that "the money was, is, and will be Martin's property." [*Id.*] He also requests for the Court to find that he "never intended any statutory deferred compensation" and that the Plan "failed to meet 26 U.S.C. § 401(k) standards." [*Id.* at 23.].[6]

The Court need not address the propriety of Martin's interpleader claim because it concludes that the *Rooker-Feldman* doctrine bars it from exercising jurisdiction over this claim. *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). The Seventh Circuit, in an en banc decision, recently addressed *Rooker-Feldman*, reiterating that the doctrine "recognizes that Congress has not authorized district courts to exercise

---

[5] Specifically Mary Megan Noone, Alberto Alamo, and Pavlo Spiro, all of whom testified for the State at the criminal trial.
[6] Martin requests punitive damages "because the USDOL, Stvan, and the ILAG had knowledge of the plan's defects." [Dkt. 18 at 23.] It appears that punitive damages are part of the damages sought for the allegations against Greenwood and Stvan.

3

appellate jurisdiction over state-court judgments." *Gilbank v. Wood Cnty. Dep't of Hum. Servs.*, 111 F.4th 754, 766 (7th Cir. 2024) (en banc) (cleaned up).

For present purposes, the doctrine blocks federal jurisdiction when four core elements are present. First, the federal plaintiff was a state-court loser. Second, the state-court judgment was final before the federal proceedings began. Third, the state-court judgment caused the alleged injury in the federal proceedings. Fourth, the claim "invite[s] the federal district court to review and reject the state-court judgment." *Id.* (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp*, 544 U.S. 280, 284 (2005)).

Even in the face of the narrowness of the *Rooker-Feldman* doctrine, Martin's claim fits neatly within its parameters—his relief section states that he seeks to have the money at issue declared to be his property. [Dkt. 18 at 23 ("All of the subject money should be determined to be the property of Martin.")] Implicit in this claim for relief is a challenge to the state court criminal judgment against him, and for that reason, it fails. *Harrison v. Moultrie Cnty.*, 770 F. App'x. 295, 297 (7th Cir. 2019) ("Harrison is an unsuccessful litigant who believes that the state judgment against him should be expunged and the disputed land, along with its profits and federal subsidies, should be awarded to him alone. But cases brought by state-court losers complaining of injuries caused by state-court judgments are not reviewable in federal court.") *See also Evers v. Outagamie Cnty.*, 74 F.3d 1242 (7th Cir. 1996) ("The district court concluded that the Evers' first and third claims were challenges to their sentences. If that conclusion were correct, then the district court would lack jurisdiction over these two claims under the *Rooker-Feldman* doctrine"); *Sides v. City of Champaign*, 496 F.3d 820, 824 (7th Cir. 2007) ("any effort to obtain review of a conviction—review that would imply a declaration of innocence, or even a return of [a] fine—runs headlong into the *Rooker-Feldman* doctrine, which establishes that . . . only the Supreme Court of the United States may set aside a judgment entered by a state court.")

Accordingly, the Court lacks jurisdiction over Martin's claim that the funds at issue in his criminal case belonged to him, ought to be returned to him or Antares, or should be declared as belonging to him. Doing so would mean that Martin did not commit theft or fraud, and that would inherently invalidate the underlying state criminal conviction. It would likewise require this Court to review and reject a state court judgment. Because *Rooker-Feldman* prohibits the Court from providing the relief Martin seeks, the ERISA interpleader claim is dismissed with prejudice.

### B. Robert Greenwood

Martin brings two counts against Greenwood, the lead prosecutor in Martin's criminal case, alleging civil rights violations under both § 1983 and the Due Process Clause of the Fourteenth Amendment.

4

### 1. Violation of Civil Rights

Martin claims that Greenwood violated his civil rights under § 1983 at his 2019 criminal trial by depriving him of "a right to a fair trial, honest testimony, the protection of Rule 3.8, to present my exculpatory evidence on the witness stand in my own defense; and to be safe from having a crime framed upon me, as opposed to being framed for an actual crime." [Dkt. 18 at 17.] Greenwood argues that this claim is barred under *Rooker-Feldman*, the Illinois statute of limitations for a § 1983 claim, and the *Heck* doctrine. [Dkt. 29 at 7–9.] The Court agrees that there are at least two grounds that require dismissal.

*Statute of Limitations*. A limitations defense is not often resolved at the motion to dismiss stage because "a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations." *Cancer Found., Inc. v. Cerberus Cap. Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009). Dismissal under such circumstances is appropriate only where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005); *see also Collins v. Vill. of Palatine*, 875 F.3d 839, 842 (7th Cir. 2017) ("dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate if the complaint contains everything necessary to establish that the claim is untimely.")

Section 1983 does not contain an express statute of limitations so federal courts have adopted the forum state's statute of limitations for personal injury claims. *Fillmore v. Page*, 358 F.3d 496, 508 (7th Cir. 2004). In Illinois, the statute of limitations is two years "after the cause of action accrued." 735 ILCS 5/13–202; *Herrera v. Cleveland*, 8 F.4th 493, 495 n.2 (7th Cir. 2021); *Flynn v. Donnelly*, 793 F. App'x 431, 434 (7th Cir. 2019). A claim accrues "when a plaintiff knows the fact and the cause of an injury." *Amin Ijbara Equity Corp. v. Vill. of Oak Lawn*, 860 F.3d 489, 493 (7th Cir. 2017); *see also Wallace v. Kato*, 549 U.S. 384, 391 (2007).

Here, Martin alleges that the conduct underlying his § 1983 claim occurred during his criminal trial and resulting conviction in 2019, so there is sound reason to conclude that no later than 2019, he knew of the "fact and cause" of his injury. *Amin Ijbara*, 860 F.3d at 493. Martin filed this action in February 2024, which is more than two years after any cause of action accrued in 2019. The statute of limitations bars his claims.

*Heck Bar*. A plaintiff cannot use § 1983 to pursue "damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement" when the conviction has not otherwise been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). The Seventh Circuit has confirmed, en banc, that "*Heck* controls the outcome where a section 1983 claim implies the invalidity of the conviction or the sentence." *Savory v. Cannon*, 947 F.3d 409, 431 (7th Cir. 2020) (en banc). As already discussed, any finding for Martin on a § 1983 claim would require invalidating his underlying Illinois criminal conviction. Unless and until the

5

underlying conviction is overturned or invalidated, his § 1983 claim against Greenwood cannot proceed. Therefore, the Court grants Greenwood's motion to dismiss for this reason, too, and the dismissal is with prejudice.

### 2. Due Process

In addition to his § 1983 claim, Martin brings a claim against Greenwood under the Due Process Clause of the Fourteenth Amendment. Martin maintains that "Greenwood needs to obey Illinois criminal laws and abide by Illinois Supreme Court Rules." [Dkt. 18 at 19.] Martin seeks to "walk back" "Greenwood's ethical and criminal violations" during the criminal trial, and he seeks injunctive relief in the form of a finding that "Greenwood and the ILAG shall always honor Illinois Rule 3.8" and that "Greenwood shall never again suborn perjury." [*Id.* at 24.] Greenwood argues that the *Rooker-Feldman* and *Heck* doctrines, prosecutorial immunity, the Eleventh Amendment, and the relevant statute of limitations bar this claim. [Dkt. 29 at 4–11.]

Dismissal is warranted for the same reasons discussed above. Martin's request for the Court to "walk back" the impact of Greenwood's conduct at his state criminal trial would require the Court to review and reject a state court judgment in violation of *Rooker-Feldman*'s parameters. *See Gilbank,* 111 F.4th at 766. The claim is also untimely and thus barred by the statute of limitations because it accrued in 2019. *See Amin Ijbara*, 860 F.3d at 493. Finally, the conduct Martin challenges was performed by Greenwood in his official capacity as a prosecutor in the criminal case. Absolute immunity shields Greenwood's actions arising from Martin's prosecution. *Tobey v. Chibucos*, 890 F.3d 634, 649 (7th Cir. 2018) ("Prosecutors [] are absolutely immune from suits challenging conduct intimately associated with the judicial phase of the criminal process") (citing *Van de Kamp v. Goldstein*, 555 U.S. 335, 340–41 (2009)). So his due process claim also fails. As a result, the Court grants the motion to dismiss the due process claim as to Greenwood with prejudice.

### C. Mary Jo Stvan

Although Stvan's name appears only a few times in the amended complaint, Martin brings two claims against her, first under § 1983 for violating his civil rights and second, a state law breach of fiduciary duty claim. Neither survives dismissal.

### 1. Violation of Civil Rights

Martin alleges Stvan violated his civil rights by covering up her "errors and breach of fiduciary duties" and contributing to "the bastardization of rights guaranteed by the US Constitution and federal equal protection laws." [Dkt. 18 at 17.] Stvan seeks dismissal because she was never a government actor and because the claims are untimely. [Dkt. 27 at 9–12.]

As explained above, a two-year statute of limitations applies to § 1983 claims. *Herrera,* 8 F.4th at 495 n.2; 735 ILCS 5/13-202. Even liberally construed, Martin's

6

most recent allegations about Stvan's conduct relate to her testimony at his trial in 2019, so the claim is time barred. Even if it were not, Stvan is not suable under § 1983 because she was not acting "under color of state law." *DiDonato v. Panatera*, 24 F.4th 1156, 1159–60 (7th Cir. 2022) (under the statute, the "challenged conduct must have been 'committed by a person acting under color of state law"—a requirement coming directly from § 1983's text") (quoting *Yang v. Hardin*, F.3d 282, 284 (7th Cir. 1994)). Martin alleges that Stvan operated Merit Benefits Group, not that she was exercising power possessed by virtue of state law. *Id*. Lastly, even false testimony at a trial does not give rise to a viable constitutional claim because witnesses are entitled to absolute immunity. *Briscoe v. LaHue*, 460 U.S. 325, 327 (1983); *Avery v. City of Milwaukee*, 847 F.3d 433, 439 (7th Cir. 2017) (an officer's "trial testimony, standing alone, would not subject them to damages liability.") Therefore, Martin fails to state a claim as to Stvan, so the motion is granted on this count.

### 2. Breach of Fiduciary Duty

Finally, Martin alleges that when Stvan "requested, and accepted money from Martin/Antares to acquire a 'special legal opinion' she assumed even stronger fiduciary duties" which "continued thru her trial testimony." [Dkt. 18 at 18.] Stvan argues for dismissal of this state law claim for several reasons, including that the claim is barred by the five-year statute of limitations period for breach of fiduciary duty claims in Illinois. *See* 735 ILCS 5/13-205. [Dkt. 27 at 11–12.]

The supplemental-jurisdiction statute provides that a district court "may decline to exercise supplemental jurisdiction" over state-law claims if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). This "choice is committed to the district court's judgment." *RWJ Mgmt. Co. v. BP Prods. N. Am.*, 672 F.3d 476, 479–80 (7th Cir. 2012). Having dismissed the claims over which the Court has original jurisdiction, it declines to exercise supplemental jurisdiction over the remaining state law claim. The state law claims is dismissed without prejudice.

## IV. Conclusion

For these reasons, Defendants' motions to dismiss are granted.

Enter: 24-cv-1421
Date: December 19, 2024

_____
Lindsay C. Jenkins
United States District Judge